# **<u>Exhibit A</u>**



**Occidental Petroleum Corporation**

5 Greenway Plaza, Suite 110, Houston, Texas 77046-0521
P.O. Box 27570, Houston, Texas 77227-7570
713.215.7000

VICKI HOLLUB
PRESIDENT
AND
CHIEF EXECUTIVE OFFICER

October 11, 2016

The Honorable Penny Pritzker
Secretary of Commerce
1401 Constitution Ave, NW
Washington, DC 20230

Dear Madam Secretary:

The upcoming U.S.-Argentina Commerce Ministerial presents an opportunity to deepen commercial ties established since the election of President Macri. It also is an opportunity to raise concerns that threaten to undermine this progress. I am writing to bring one such issue to your attention.

Specifically, Argentina's state-owned oil company, YPF S.A., is abusing the U.S. bankruptcy laws in a carefully orchestrated effort to attempt to evade financial and environmental responsibilities under the Superfund program. Their actions could potentially shift the burden of hundreds of millions of dollars in liabilities to other stakeholders, including but not limited to the U.S. Government. Both the Department of Justice and EPA have raised significant concerns about YPF actions in the bankruptcy court.

The attached background paper details how YPF systematically stripped billions in assets out of its U.S. subsidiary, Maxus Energy Corporation, leaving Maxus a shell company with significant environmental liabilities and virtually no revenue-producing assets. It is especially noteworthy that barely two months after EPA announced its Record of Decision for a $1.38 billion clean-up of the Passaic River in New Jersey, YPF ceased funding Maxus and put the company into bankruptcy to avoid paying Maxus' share of these Superfund clean-up costs. While YPF's actions are currently the subject of ongoing legal proceedings, the ramifications extend far beyond the courtroom.

Abuse of bankruptcy laws to evade Superfund obligations has been a subject of intense and longstanding concern both in Congress and within DOJ and EPA. What makes YPF's actions even more troubling is that, while simultaneously attempting to shed environmental liabilities in bankruptcy court, this *Argentine state-owned entity successfully raised $1.75 billion on Wall Street as part of a bond issuance.* YPF then doubled down on its Wall Street-bankruptcy court

charade by telling investors that it no longer has control over Maxus and is not burdened by Maxus' debts. Yet, YPF's bankruptcy posture reveals that it continues to control Maxus in an effort to shed Maxus' environmental liabilities for a fraction of what is owed.

We trust that Minister Cabrera will share concerns raised by the State Department during Secretary Kerry's recent visit to Argentina about the significant risks of YPF's actions, which could undermine progress in restoring the country's reputation with investors and continued access to capital markets. If YPF is successful, then it will have created a dangerous precedent for other foreign or domestic companies looking for an environmental liability loophole to the detriment of the U.S. Government and U.S. companies. This precedent would also signal that access to U.S. capital markets will remain unfettered by any reciprocal obligation to abide by U.S. law.

We urge you to raise this important issue with Minister Cabrera. His direct engagement may help avoid serious negative fallout both for Argentina's reputation and progress in strengthening bilateral commercial relations.

Thank you for your consideration.

Sincerely,

*Vicki Hollub* (signature)

Vicki Hollub
President and Chief Executive Officer
Occidental Petroleum Corportion


Cc:   Judith A. Enck, Regional Administrator, Region 2
      U.S. Environmental Protection Agency

      John C. Cruden, Assistant Attorney General, Environment and Natural Resource Division
      U.S. Department of Justice

**Occidental Chemical Corporation (OxyChem)**
**Statement of Concern Regarding Actions of YPF S.A.**
**July 15, 2016**

OxyChem wishes to make U.S. government officials aware of a disturbing set of circumstances involving YPF, S.A., a sovereign instrumentality of Argentina. On June 17, 2016, YPF put its wholly owned subsidiary, Maxus Energy Corporation, into bankruptcy in an attempt to strand and avoid significant environmental remediation liabilities Maxus and its subsidiaries owe as a result of pollution at sites around the United States, such as the Diamond Alkali Superfund site in New Jersey. If successful, this tactic could impose significant cleanup costs—that should rightfully be borne by Maxus and YPF—on U.S. entities and companies, including the EPA and many U.S. based companies like OxyChem. YPF's tactics are particularly troubling because they follow on the heels of a series of transactions in which YPF first acquired Maxus, stripped billions of dollars in assets out of it, leaving Maxus unable to perform significant environmental obligations it owes to OxyChem and others. YPF put Maxus into bankruptcy only days before OxyChem was set to begin a trial that—if successful—would have resulted in a finding that YPF's conduct made it liable, as an alter ego, for Maxus's environmental indemnity obligations. OxyChem therefore seeks assistance to address—at a national level—the serious issues that arise from a foreign sovereign entity's effort to evade significant environmental liabilities it owes in the United States.

**Background**

OxyChem purchased the stock of Diamond Shamrock Chemicals Company from Maxus in 1986. As part of the sale, Maxus (which was then a well-capitalized integrated U.S. energy company) agreed to indemnify OxyChem for all environmental remediation costs at DSCC facilities around the country, including liabilities related to the Diamond Alkali Superfund Site, which includes the Lister Avenue Plant in Newark. The Lister Avenue Plant has been the subject of long-running litigation and numerous regulatory actions, most prominently regarding the clean-up of the Passaic River. OxyChem never owned the Lister Avenue Plant, which closed 17 years before OxyChem's transaction with Maxus. Today, the plant is owned by a Maxus affiliate, Tierra Solutions Inc., which YPF also put into bankruptcy.

In 1996, YPF bought Maxus to create a larger international footprint. At that time, Maxus possessed a significant number of exploration and production assets that were attractive to YPF. But, as YPF learned in its acquisition due diligence, Maxus also had significant environmental liabilities. YPF therefore embarked upon a multi-year plan to strip Maxus of its attractive assets and leave Maxus with substantial environmental obligations, but no ability to fulfill them absent support from YPF.

Trial against YPF on OxyChem's claim that YPF's asset stripping and control of Maxus made it liable as an alter ego, together with Maxus, for Maxus's indemnity obligations to OxyChem, was scheduled to begin on June 21, 2016. The Maxus Debtors' first day bankruptcy filings confirm that YPF forced Maxus into bankruptcy on the eve of trial in an effort to enable Maxus and YPF to skirt significant environmental liabilities. Bankruptcy counsel for Maxus has stated in open court that the OxyChem trial and future environmental liabilities related to the Lister Avenue Plant were the "catalysts" for the bankruptcy filing. YPF's misuse of the U.S. Bankruptcy laws to strand environmental liabilities is also indicated by the following facts:

- Several court orders confirm Maxus' liability to OxyChem. Most recently, in August 2011, the New Jersey State Superior Court confirmed that Maxus is required to indemnify OxyChem for all

**Occidental Chemical Corporation (OxyChem)**
**Statement of Concern Regarding Actions of YPF S.A.**
July 15, 2016

> cleanup costs associated with operation of the Lister Avenue Plant, including the remediation of the Passaic River.
>
> - YPF caused the bankruptcy filing just over 36 business hours before the scheduled start of a trial that was the culmination of a decade-long litigation in the courts in New Jersey, to which YPF had submitted itself for judgment *until* it suffered this adverse ruling.
>
> - YPF derailed the trial by causing Maxus to file for bankruptcy only *after* YPF *lost* a motion in which it sought a summary judgment that YPF was not liable to OxyChem for $300 million in environmental remediation costs that Maxus owed OxyChem under the Maxus indemnity.
>
> - While the liabilities associated with the Lister Avenue Plant are likely the most substantial environmental liabilities at issue currently, Maxus (and YPF) are also responsible for numerous other environmental sites around the country.

OxyChem will continue to pursue all legal remedies against Maxus and YPF to enforce Maxus' clear contractual obligation to indemnify OxyChem, including costs associated with cleanup of the Passaic River.[1]

**YPF's Statements about Maxus and its Environmental Liabilities**

According to a recent SEC filing regarding the bankruptcy, YPF states that it has provided Maxus and its affiliates with hundreds of millions of dollars for environmental liabilities. YPF tells only part of the story. YPF provided this funding as part of an orchestrated plan to first strip assets out of Maxus, then keep it alive for a period of time, to take advantage of the United States bankruptcy laws. This is confirmed in two memos—almost a decade apart—from two separate U.S. based law firms, each of which cautioned, among other things, that YPF's domination of Maxus could give rise to alter ego liability. YPF *chose* to provide funding to Maxus *only* because it served YPF's ultimate end of stranding environmental liabilities in the United States, once the asset-stripping was complete. Had YPF not intentionally siphoned valuable assets out of Maxus, Maxus would have been able to fulfill its obligations to OxyChem and other creditors like the EPA without support from YPF.

It is especially disappointing that YPF is attempting to shirk important obligations owed by its subsidiaries to the U.S. Government and other creditors *after* new Argentine President Mauricio Macri has indicated that Argentina intends to resolve conflicts of the past and show the investing community that Argentina and Argentine-controlled companies are investment-worthy business partners. YPF's actions, which attempt to avoid significant environmental liabilities in the United States, stand in sharp contrast to President Macri's words.

---

[1] Another foreign-owned oil company, Repsol, owned a majority of the shares of YPF from 1999 – 2012. Repsol also dominated Maxus and stripped assets that would otherwise be available to Maxus currently to satisfy its debts. While Repsol also has liability, which OxyChem will pursue in the bankruptcy proceeding or other appropriate forum, a discussion of Repsol's conduct and potential liability to Maxus creditors is beyond the scope of this paper.